Requestor: Thomas F. Purcell, Esq., Deputy County Attorney County of Putnam 40 Gleneida Avenue Carmel, N Y 10512
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have requested an opinion of the Attorney General concerning the composition of local councils on the disabled. Your question is whether a county is bound by the exact terms of section 239-aa of the General Municipal Law which sets forth, among other things, the number of council members, or whether a county by local law may amend or supersede the provisions of section 239-aa to locally determine the composition of the council.
Section 239-aa authorizes the legislative body of any county or city with a population of 90,000 or more by resolution to create one or more councils on the disabled. General Municipal Law § 239-aa(1). The statute goes on to set forth the goals and powers of councils. It further provides that a council is to consist of not less than three nor more than nine members. Id., § 239-aa(3). At least one-third of the members are to be disabled individuals and/or parents of disabled children. Ibid.
You have indicated that you were advised by the State Office of Advocate for the Disabled that a local council can have as many members as is desired and that section 239-aa of the General Municipal Law was enacted as a catalyst to encourage the establishment of local councils. The purpose was not to restrict their operation or prevent municipalities from customizing councils to meet their specific needs.
A county is authorized to adopt and amend local laws, not inconsistent with the provisions of the Constitution or any general State law, relating to its property, affairs or government; the government, protection, safety, health and well-being of persons or property in the municipality; and the number, powers, qualifications, etc., of its officers and employees. Municipal Home Rule Law § 10(1)(i),10(1)(ii)(a)(1) and 10(1)(ii)(a)(12). We believe that these provisions authorize a county to enact a local law dealing with councils on the disabled.
Your question is whether a county may enact a local law inconsistent with the provisions of section 239-aa. The authority to enact local laws is restricted by the requirement that they be consistent with general laws. For purposes of home rule provisions, a "general law" is defined as
 "[a] state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages".
Municipal Home Rule Law § 2(5); see also, N Y Const Art IX §3(d)(1). It is clear that a State statute is not a general law in its application to counties unless it applies in terms and in effect alike to all counties or to all counties other than those wholly included within a city. See, Informal Opinion No. 92-1 for an extended discussion of the history of the provisions of the Constitution dealing with general laws.
We believe it is clear that section 239-aa is not a general law within the home rule definition. Its provisions apply only to those counties or cities with a population of 90,000 or more that decide to create a council. Thus, this provision is not applicable in terms and effect alike to all counties or to all counties other than those wholly included within a city. It applies only to those counties meeting the population requirement that decide to establish a council.
In a case dealing with a statute very similar to section 239-aa, the Court of Appeals construed the term general law. In Johnson v Etkin,279 N.Y. 1 (1938), the Court of Appeals found that the State Optional City Government Law was not a general law because it gave to all cities the option to choose one of several forms of government. In terms and in effect, the State law applied only to cities deciding to come under it.
 "[T]he Optional City Government Law is not binding upon all cities . . . It is optional . . . This is not a general law, immediately effective and operative in all cities alike . . . Its effectiveness as a law — its force as a law is not general; it would only become general in effect when adopted by all cities in one form or another."
Johnson v Etkin, supra, 279 N Y at 6.
We conclude that a county may enact a local law, which need not be consistent with section 239-aa of the General Municipal Law, establishing councils on the disabled.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.